# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BRITTNEY WILSON, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. |
| HEALTHSTREAM, INC., | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Brittney Wilson ("Plaintiff"), by Counsel, brings this action against Defendant, HealthStream, Inc., ("Defendant") for violating Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. § 2000e *et. seq.* and the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et. seq.

### II. PARTIES

2. Plaintiff is a resident of Hamilton County, Tennessee.

3. Defendant maintains offices and routinely conducts business within the geographical boundaries of the Middle District of Tennessee.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 28 U.S.C. § 1367, 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 2000e(b) and 42 U.S.C. §12111(5)(A).

6. Plaintiff was an "employee," as that term is defined by 42 U.S.C. § 2000e(f) and 42 U.S.C. §12111(4).

7. Plaintiff satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination and retaliation based on her gender and disability. Plaintiff received her Notice of Suit Rights and timely files this action within ninety (90) days of receipt.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Middle District of Tennessee; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Wilson, who is female, was hired by Defendant on or about January 18, 2016, and worked most recently as Senior Manager, Support Communities. At all times relevant, Wilson met or exceeded Defendant's legitimate performance expectations.

10. Wilson is disabled as that term is defined by the ADA and/or Wilson has a record of being disabled and/or Defendant regarded Wilson as disabled. Wilson has been diagnosed with ADHD, autism, anxiety, and depression. Defendant was aware of Wilson's disabilities and Wilson could perform the essential functions of her position with or without accommodation.

11. During her employment, Wilson was subjected to less favorable terms and conditions than her similarly-situated non-disabled, male co-workers. For example, Wilson was given Director-level responsibilities but was not similarly paid at a Director-level. Further, following her promotion in July 2021, Wilson began working towards the next promotion: to that of a Director. With Defendant, employees are given additional tasks and then promoted based on

2

how they perform handling the additional tasks. Wilson took on these responsibilities and in November 2023, Wilson submitted a report to management detailing her contributions and how her disability-status actually benefited the Company. While Defendant acknowledged that a promotion was warranted, Defendant failed to promote Wilson. Instead, Defendant promoted two males not known to be disabled.

12. On or about January 26, 2024, Wilson filed a complaint alleging disparate treatment on the basis of her disability and/or sex for failing to promote her. Thus, Wilson engaged in protected activity. Defendant failed to take any remedial action on Wilson's complaint, and on or about February 28, 2024, Wilson filed a Charge of Discrimination with the EEOC.

13. In or about September 2024, a new Sr. Director was hired; Wilson was not given an opportunity to apply and the individual selected was not known to have any disability and/or have engaged in protected activity. Alyssa Jones, who was hired into this Sr. Director role, then began targeting Wilson in attempts to push her out.

14. On or about September 28, 2024, Wilson amended her Charge of Discrimination.

15. Further, during her employment, Wilson requested reasonable accommodations relating to her disability. Wilson first made requests in May 2023 and further requested accommodations on July 18, 2023 and January 26, 2024. Defendant failed to engage in the interactive process and failed to reasonably accommodate any of the requests made by Wilson.

16. Despite her complaints, Defendant continued to subject Wilson to less favorable conditions than those outside her protected classes. Defendant excluded Wilson from audit planning and coordinated access with Wilson and appeared to be attempting to push Wilson out.

3

Because of this treatment, Wilson filed a new formal complaint with Defendant on January 14, 2025, detailing her allegations of discrimination and retaliation. Wilson further made requests for accommodations for her known disability. On February 4, 2025, Wilson sent a follow-up to her complaint seeking an update but heard nothing. On February 6, 2025, Wilson attended a "Reset on Community" meeting where Defendant was rude and condescending towards Wilson and dismissed Wilson's concerns about being excluded from projects within her expertise.

17. On or about February 12, 2025, Defendant placed Wilson on administrative leave while it investigated her claims. On March 7, 2025, Defendant terminated Wilson's employment. Defendant told Wilson it did not find anything in its investigation and that it was going to part ways with Wilson because Defendant could not please Wilson. The reason given for termination is pretext for discrimination and/or in retaliation for Wilson's protected activities.

18. Similarly-situated males, those without disabilities, and those who have not engaged in protected activities have been treated more favorably.

## V. CAUSES OF ACTION

### COUNT I: TITLE VII- GENDER DISCRIMINATION

19. Wilson hereby incorporates paragraphs one (1) through eighteen (18) of her Complaint.

20. Defendant discriminated against Wilson when they subjected her to differing terms and conditions of her employment, created a hostile work environment, failed to promote, and terminated her employment due to her gender.

21. Defendant's actions were intentional, willful, and in reckless disregard of Wilson's rights as protected by Title VII.

22. Wilson suffered damages as a result of Defendant's unlawful actions.

## COUNT II: TITLE VII- RETALIATION

23. Wilson hereby incorporates paragraphs one (1) through eighteen (18) of her Complaint.

24. Wilson engaged in protected activity when she complained of gender discrimination and filed Charges of Discrimination with the EEOC.

25. Defendant retaliated against Wilson by terminating her employment.

26. Defendant's actions were intentional, willful, and taken in reckless disregard of Wilson's rights as protected by Title VII.

27. Wilson has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: ADA – DISABILITY DISCRIMINATION

28. Wilson hereby incorporates paragraphs one (1) through twenty-seven (27) of her Complaint as if the same were set forth at length herein.

29. Defendant discriminated against Wilson on the basis of her actual or perceived or regarded as disability by failing to reasonably accommodate her disability, failing to engage in the interactive process, and by terminating her employment.

30. Defendant's actions were willful, intentional, and done with reckless disregard for Wilson's rights as protected by the ADA.

31. Wilson has suffered damages as a result of Defendant's unlawful actions.

## COUNT IV: ADA - DISABILITY RETALIATION

32. Wilson hereby incorporates paragraphs one (1) through thirty-one (31) of her Complaint as if the same were set forth at length herein. '

33. Wilson engaged in a protected activity when she complained to management and Human Resources about disparate treatment and a hostile work environment due to her disability.

34.     Defendant retaliated against Wilson by terminating her employment.

35.     Defendant's actions were intentional, willful, and in reckless disregard of Wilson's rights as protected by the ADA.

36.     Wilson suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## VI.     REQUESTED RELIEF

WHEREFORE, Plaintiff, Brittney Wilson, respectfully requests that the court enter judgment in her favor and award her the following relief:

1.     Reinstate Plaintiff's employment to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions and/or payment to Plaintiff of front pay in lieu thereof;

2.     Award all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3.     Award compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4.     Award compensatory damages for violations of Title VII and the ADA;

5.     Award punitive damages for violations of Title VII and the ADA;

6.     Award all costs and attorney's fees incurred as a result of bringing this action;

7.     Award pre-and post-judgment interest on all sums recoverable; and

8.     Award all other legal and/or equitable relief the Court sees fit to grant.

Respectfully submitted,

By: */s/ Rachel Ringer*
Rachel Ringer, TBPR No. 041951
Kyle F. Biesecker, TBPR No. XXXXX
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone Number: (615) 783-2171
Email Address: rringer@bdlegal.com
kfb@bdlegal.com
*Counsel for Plaintiff, Brittney Wilson*

### DEMAND FOR JURY TRIAL

Plaintiff, Brittney Wilson, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

By: */s/ Rachel Ringer*
Rachel Ringer, TBPR No. 041951
Kyle F. Biesecker, TBPR No. XXXXX
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone Number: (615) 783-2171
Email Address: rringer@bdlegal.com
kfb@bdlegal.com
*Counsel for Plaintiff, Brittney Wilson*