# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| BRITNEY WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:25-cv-01020 |
| | ) | |
| v. | ) | |
| | ) | |
| HEALTHSTREAM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant, HealthStream, Inc., respectfully submits the following Answer and affirmative defenses in response to the Complaint filed by Plaintiff, Britney Wilson.

1. Defendant admits that the Complaint makes allegations related to the application of Title VII and the ADA.

2. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 2 of the Complaint.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff received a Right to Sue Notice. Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant admits that Plaintiff was hired on or about January 18, 2016, and most recently worked as Senior Manager, Support Communities. Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant admits that a new Senior Director was hired. Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant admits that Plaintiff was placed on administrative leave while Defendant investigated Plaintiff's claims. Defendant also admits that Plaintiff's employment was terminated on March 7, 2025. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant reasserts its answers to Paragraphs 1 through 18 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant reasserts its answers to Paragraphs 1 through 22 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant reasserts its answers to Paragraphs 1 through 27 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant reasserts its answers to Paragraphs 1 through 31 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

Any allegation not expressed admitted herein is hereby denied by Defendant. Defendant denies that Plaintiff is entitled to any of the requested relief in the Complaint.

## DEFENSES

1. Plaintiff's claims fail, in whole or in part, because Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff's claims fail, in whole or in part, because they arise from or include conduct outside of the applicable statute of limitations.

3. To the extent Plaintiff failed to raise claims, theories, or facts in her EEOC Charge, those allegations are barred for failure to exhaust administrative remedies.

4. Plaintiff's claims fail, in whole or in part, because any employment decisions made by Defendant were not based on any protected characteristics or activity, but instead, were made for independent, legitimate, non-discriminatory and non-retaliatory reasons.

5. Defendant reserves the right to assert additional affirmative defenses.

Respectfully submitted,

/s/Stephen C. Stovall
Leslie Goff Sanders (TN #018973)
Stephen C. Stovall (TN #037002)
611 Commerce Street, Suite 2911
Nashville, Tennessee 37203
lsanders@bartonesq.com
sstovall@bartonesq.com
Telephone: (615) 340-6790

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on October 15, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Rachel Ringer
Kyle F. Biesecker
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
rringer@bdlegal.com
kfb@bdlegal.com
(615) 783-2171

*Attorneys for Plaintiff*

/s/Stephen C. Stovall
Stephen C. Stovall (TN #037002)
*Attorney for Defendant*