| | |
|---|---|
| BRITTNEY WILSON | ) |
| | ) **Case Number: 3:25-cv-01020** |
| **Plaintiff,** | ) |
| | ) **Judge Waverly D. Crenshaw** |
| v. | ) |
| | ) **Magistrate Judge Barbara D. Holmes** |
| HEALTHSTREAM, INC. | ) |
| | ) **JURY DEMAND** |
| **Defendant.** | ) |

## INITIAL CASE MANAGEMENT ORDER

**A. JURISDICTION:** Jurisdiction is conferred ln this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 28 U.S.C. § 1367, 42 U.S.C. § 2000e-5(f)(3), and , 42 U.S.C. § 12117. Jurisdiction is not disputed.

**B. BRIEF THEORIES OF THE PARTIES:**

**1)      PLAINTIFF:** Wilson was hired January 18, 2016, as Senior Manager. She is disabled with ADHD, autism, anxiety, and depression, which Defendant was aware of, and she could perform her job with or without accommodation. Plaintiff experienced less favorable treatment than non-disabled male colleagues including Director-level responsibilities without commensurate pay. Despite taking on additional tasks for a Director promotion and submitting a report in November 2023 detailing her contributions and articulating how her disability benefited the Company, Defendant acknowledged a promotion was warranted but promoted two non-disabled males instead.

Plaintiff's requests for reasonable accommodations for her disability in May 2023, July 18, 2023, and January 26, 2024, were not granted, and Defendant failed to engage in the interactive process. On January 26, 2024, Plaintiff filed a complaint alleging disparate treatment based on

1

disability and sex for the promotion denial, engaging in protected activity. Defendant took no remedial action, leading Plaintiff to file an EEOC Charge of Discrimination on February 28, 2024.

In September 2024, a new Senior Director not known to be disabled or to have engaged in protected activity was hired without Plaintiff having an opportunity to apply. This new Director began targeting Plaintiff to force her out. Plaintiff then amended her Charge of Discrimination on September 28, 2024.

Despite her discrimination complaints internally and with the EEOC, Defendant continued to subject Plaintiff to less favorable conditions as well as excluded her from audit planning in an attempt to push her out. On January 14, 2025, Plaintiff filed a new formal complaint detailing discrimination and retaliation and again requested accommodations where even a follow-up on February 4, 2025, received no response. On February 6, 2025, Defendant was rude and condescending toward Plaintiff in a meeting as they dismissed her concerns about project exclusion. Soon after, on February 12, 2025, Defendant placed Plaintiff on administrative leave to investigate her claims.

On March 7, 2025, Defendant terminated Plaintiff's employment, stating no findings from the investigation and that they could not "please Plaintiff." This reason is pretext for discrimination and/or retaliation for Plaintiff's protected activities. Similarly situated males, non-disabled individuals, and those who have not engaged in protected activities have been treated more favorably.

**2)** <u>**DEFENDANT:**</u>

Defendant denies Plaintiff's allegations and denies that she is entitled to any relief. Plaintiff was terminated for a legitimate, non-discriminatory reason that had nothing to do with her sex, alleged disability, or alleged requests for accommodations. Plaintiff is upset because she was not

2

promoted. Importantly, other candidates for promotion who were male and not disabled were also passed for promotion at the same time as Plaintiff. Plaintiff made complaints and leaps to relate the decision and every subsequent action of Defendant to her alleged disability. The employees of Defendant that she accuses of denying her purported accommodations were not even aware of her alleged disability.

Plaintiff acknowledged that there was nothing Defendant could do to alleviate her concerns and that she could not move forward with her employment with Defendant. Plaintiff was not treated any differently than similarly situated employees who did not have disabilities. After nearly a year and a half of trying to address Plaintiff's complaints and concerns, Defendant realized that it was at an impasse and could do nothing more to satisfy Plaintiff. Thus, her employment was terminated on March 7, 2025, and she was provided with an offer of severance to assist her with her transition.

**C. ISSUE RESOLVED:** Jurisdiction and venue.

**D. ISSUES STILL IN DISPUTE:** Liability and damages.

**E. INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), which must include copies (not descriptions) of responsive documents on or before **December 23, 2025**.

**F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:** The parties must make a minimum of two independent, substantive attempts to resolve this case. By no later than **March 6, 2026**, the parties must file a joint case resolution status report confirming their substantive attempt at settlement. **The parties must have conducted enough discovery or otherwise exchanged enough information prior to this date to substantively evaluate and discuss settlement.** By no later than **October 21, 2026**, the parties must file another joint status

3

report, which either confirms their second substantive attempt at case resolution or updates the Court on the status of their intended second attempt. The parties' joint report **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of their compulsory obligations under this case resolution plan.**

G. **DISCOVERY:** The parties must, by no later than **October 2, 2026**, (i) complete written discovery and depose all fact witnesses and (ii) bring all discovery disputes to the Court's attention, unless otherwise permitted by the Court. Written discovery and scheduling of depositions must proceed promptly. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. The Court expects all parties and their counsel to cooperate in discovery and to act courteously and professionally in the resolution of any discovery disputes. The Court may impose appropriate sanctions, including any of those authorized by Fed. R. Civ. P. 16(f) or 37(b)(2)(A),

upon a finding of a failure to comply with this or any discovery order or upon a finding of other discovery misconduct.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties have conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting must be brought promptly to the attention of the Magistrate Judge by the filing of a joint discovery dispute statement and a joint motion for a discovery conference. It will be within the Magistrate Judge's discretion to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. In connection with any discovery conference, the parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement must certify that lead counsel for all parties conducted the required in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

**H. AMENDMENTS OR ADDITION OF PARTIES:** Any motions to amend or to add parties must be filed by no later than **February 2, 2026** and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion. Amendments or addition of parties by written consent under Fed. R. Civ. P. 15(a)(2) must clearly

and conspicuously state that the amendment is filed by written consent. Failure to clearly and conspicuously provide notice of the consent filing may result in the amended pleading being stricken.

**I. DISCLOSURE AND DEPOSITIONS OF EXPERTS:** The parties do not anticipate the need for an expert witness in this matter.

**J. ANOTHER CASE MANAGEMENT CONFERENCE:** The Court does not set second case management conferences or require the parties to file status reports as a matter of course in civil actions. The parties and their counsel are reminded of their responsibility to prepare this case according to the case management schedule. Failure to do so may result in any of the remedies authorized by Fed. R. Civ. P. 16(f). The Court will not provide reminders of case management deadlines and will not otherwise prompt the parties to give attention to this case. The parties may request that a case management conference be set by filing a joint motion for a case management conference, which must identify all issues to be discussed and detail the status of all case management events. If the purpose of the requested conference is to discuss extending case management deadlines, the motion must comply with the requirements for modifications of the case management order as instructed below. The parties must also state whether they request an in-person or telephonic case management conference.

**K. DISPOSITIVE MOTIONS: Any motions to dismiss under Fed. R. Civ. P. 12 shall be filed and briefed in accordance with that rule and Local Rule 7.01**. Motions for summary judgment and all other non-Rule 12 dispositive motions must be filed by no later than **December 4, 2026**. Responses to dispositive motions must be filed **within 28 days** after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed **within 14 days** after the filing of the response

6

and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

Before filing or responding to a summary judgment motion, attorneys are required to read and follow Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021) (*rev'd on other grounds*), regarding what should (or should not) be included in the movant's "statement of undisputed material facts." Counsel must carefully draft the statement of undisputed material facts and responses to ensure that it is a narrow statement of facts (not opinions, argument, or legal conclusions) that are material to the outcome of the case and are undisputed as supported by the record.

**L. <u>ELECTRONIC DISCOVERY:</u>** The parties anticipate reaching an agreement on how to conduct electronic discovery. Any agreement between the parties must be reduced to writing, and must either be (i) filed as a stipulation of agreed-upon electronic discovery procedures, or, (2) if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval. In the absence of compliance with this provision, the default standards of Administrative Order No. 174-1 will apply.

**M. <u>MODIFICATION OF CASE MANAGEMENT ORDER:</u>** Any motion to modify the case management order or any case management deadline must be filed at least **seven (7) days** in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial

date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement of counsel that the requested extension will not cause any dispositive motion deadline, including response and reply briefs, to be later than 120 days in advance of the trial date. Motions for extensions must also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**N. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The JURY trial of this action is expected to last approximately 3 days. A trial date no earlier than **May 4, 2027** is respectfully requested. An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Judge Waverly D. Crenshaw.

It is so **ORDERED**.

_____
BARBARA D. HOLMES
United States Magistrate Judge

8

APPROVED FOR ENTRY:


*/s/ Rachel Ringer*_____
Rachel Ringer, Attorney No. 041951
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: rringer@bdlegal.com
        kfb@bdlegal.com

*Attorneys for Plaintiff*


*/s/* Stephen C. Stovall_____
Leslie Goff Sanders (TN #018973)
Stephen C. Stovall (TN #037002)
BARTON LLP
611 Commerce Street, Suite 2911
Nashville, Tennessee 37203
lsanders@bartonesq.com
sstovall@bartonesq.com
Telephone: (615) 340-6790

*Attorneys for Defendant*

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via the Court's electronic filing system on December 3, 2025 to the following:

Rachel Ringer, Attorney No. 041951
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: rringer@bdlegal.com
      kfb@bdlegal.com

*Attorneys for Plaintiff*

          */s/ Stephen C. Stovall*
          Stephen Stovall (TN #37002)
          *Attorney for Defendant*